UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:16-cr-00246-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| DEJAHN WASHINGTON, | |
| Defendant. | |

**INTRODUCTION**

Before the Court is Defendant DeJahn Washington's Motion to Seal Defendant's

Sentencing Memorandum (Dkt. 44).  For the reasons explained below, the Court will

deny the motion without prejudice.

**BACKGROUND**

Defendant DeJahn Washington pleaded guilty to one count of obtaining controlled

substances by misrepresentation, fraud and deception.  His sentencing hearing occurred

on May 23, 2017.  Before this hearing, defendant filed a sentencing memorandum and

motion for a downward departure or variance.  He asked the Court to seal this entire

document, based on his general assertions that his sentencing memorandum "contains

personal facts which should not be made public such as his substance abuse-history and

history of abuse." Dkt. 44, at 2. Defendant also stated that his memorandum "contains

multiple references to sealed documents such as the Presentence Investigation Report, the

Addendum to the Presentence Report, and the Probation Officer's Sentencing

Recommendation (Dkt. 43)." *Motion to Seal,* Dkt. 44, at 1-2. (Dkt. 42)."

## DISCUSSION

Generally, court documents are openly filed and presumptively available to the

public. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n.7 (1978). A party

seeking to seal a document or record bears the burden of overcoming that presumption of

openness by meeting the "compelling reasons" standard. *See Kamakana v. City & Cty. of

Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "That is, the party must articulate

compelling reasons supported by specific factual findings that outweigh the general

history of access and the public policies favoring disclosure, such as the public interest in

understanding the judicial process." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d

1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citations omitted). Then, the

court must "conscientiously balance the competing interests" of the public and the party

who seeks to keep certain judicial records secret. After considering these interests, if the

court decides to seal certain judicial records, it must "base its decision on a compelling

reason and articulate the factual basis for its ruling, without relying on hypothesis or

conjecture." *Id.* (internal quotation marks and citations omitted).

Defendant has not meaningfully addressed this standard and has thus failed to

carry his burden of persuading the Court that the sentencing memorandum should be sealed. Instead, he says only that certain facts "should not be made public" and goes on to say that he has referred to portions of the sealed PSR in his memorandum. This is not specific enough to convince the Court that the entire sentencing memorandum should be sealed. Indeed, after having reviewed the sentencing memorandum, the Court does not believe that defendant will be able to offer compelling reasons for keeping any portion of this document sealed. Nevertheless, the Court will deny this motion without prejudice to the extent that the Court will allow defendant the opportunity to file a motion to redact specific portions of the sentencing memorandum. The Court will allow defendant 14 days in which to file this motion. The sentencing memorandum on file will remain under seal until the Court has had a chance to rule on any supplemental motion to redact specific portions of the sentencing memorandum.

## ORDER

**IT IS ORDERED that** Defendant DeJahn Washington's Motion to Seal his Sentencing Memorandum (Dkt. 44) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED that** Defendant DeJahn Washington may file a supplemental motion to redact portions of his sentencing memorandum within 14 days of this Order. If no such motion is filed, the Clerk shall unseal the Sentencing Memorandum at Dkt. 44 without further order from this Court. If Defendant Washington

files a supplemental motion to redact portions of the sentencing memorandum, the

Sentencing Memorandum at Dkt. 44 shall remain sealed until further order of this Court.



DATED: June 6, 2017

B. Lynn Winmill
Chief Judge
United States District Court